UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WEETAH WINTER BLOSSOM KENNISON, an individual, | Case No. 2:21-cv-02210-CDS-EJY |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | RE: ECF No. 13 |
| ADAM R. DECARLO, an individual; REDHEAD EXPRESS LLC, an Indiana corporation; DOE INDIVIDUALS I through X; and ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

Pending before the Court is Mid-Century Insurance Company's Motion to Intervene. ECF No. 13. The Court has considered the Motion, the Opposition (ECF No.14), and the Reply. ECF No. 15.

**I.    Background**

This case arises from a car accident involving Plaintiff and Defendants. The Complaint in this matter was filed on December 17, 2021. ECF No. 1. Defendants answered the Complaint on February 9, 2022. ECF No. 8. The Discovery Plan and Scheduling Order was entered by the Court on March 10, 2022. ECF No. 11. The Motion to Intervene was filed eight days later on March 18, 2022. ECF No. 13.

In its moving papers, Mid-Century argues it seeks to intervene as a matter of right under Federal Rule of Civil Procedure 24(a). Mid-Century states its intervention is sought timely and must be granted to prevent its interests from being prejudiced. In opposition, Defendants argue that Mid-Century's interests are adequately represented by the parties. More specifically, Defendants contend that Mid-Century shares interests protected by Plaintiff because she and Mid-Century seek to ensure Plaintiff receives reasonable compensation for her damages. Defendants say they and Mid-Century share objectives based on Mid-Century's statement that it seeks to align its interest with that of

Defendants.  Defendants contend that because Mid-Century and the existing parties have the same objectives, the Court should presume Mid-Century's interests are adequately represented in the litigation.  In reply, Mid-Century states that while there is a general alignment of interests, neither party has Mid-Century's specific interest of protecting its uninsured/underinsured motorist ("UM/UIM") policy, which is Mid-Century's main interest.  Mid-Century further contends that it and Plaintiff do not share the same interests as the outcome of the case will impact whether Mid-Century owes Plaintiff additional sums.

## II.    Discussion

To intervene as of right under Fed. R. Civ. P. 24(a)(2), an entity or person must claim "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Ninth Circuit case law establishes that a movant seeking to intervene must demonstrate: "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest."  *U.S. v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th. Cir. 2004) (internal citations omitted).  "The party seeking to intervene bears the burden of showing that all the requirements for intervention have been met."  *Id.* (Internal citations omitted.)

A.    Mid-Century Has a Significant Protectable Interest, and the Outcome of this Dispute May Impair or Impede Mid-Century's Ability to Protect That Interest.

Here, Mid-Century has a significant protectable economic interest in the damages, if any, to which Plaintiff may be entitled as a result of the accident at issue.  That is, Mid-Century has a protectable interest in the UM/UIM policy it issued, whether coverage under that policy is triggered, and to what extent payment of UM/UIM coverage is required.  Thus, the outcome of the case Plaintiff brings against Defendants, as a practical matter, may impair or impede Mid-Century's economic interests.

1      B.      Mid-Century Motion to Intervene is Timely.

2          To determine timeliness of a motion to intervene, the District of Nevada recognizes three

3   factors established by the Ninth Circuit. *Faulkner v. MacLean Engineering and Marketing Co., Ltd.*,

4   Case No. 3:04-cv-0677-LRH (RAM), 2006 WL 2864114, at *1 (D. Nev. Oct. 5, 2006) (*citing United*

5   *States v. State of Oregon*, 745 F.2d 550, 552 (9th. Cir. 1984)).   These factors include: "(1) the state

6   of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3)

7   the reason for and length of the delay." *Id. citing id.*   Considering the first factor, proceedings in

8   this case had only just begun at the time Mid-Century's Motion was filed.   Indeed, Mid-Century

9   filed its Motion eight days after the Discovery Plan and Scheduling Order was entered by the Court.

10  *Compare* ECF Nos. 11 and 13.   There is no meritorious argument that Mid-Century sought to

11  intervene at an advanced state of proceedings.   Because the proceedings were not, and are not, very

12  advanced, the Court applies a more liberal consideration of intervention requests.   *Faulkner*, 2006

13  WL 2864114, at *2; *see also Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) ("Rule 24

14  traditionally receives liberal construction in favor of applicants for intervention.") (Internal citation

15  omitted.)

16          Further, even if Mid-Century's Motion to Intervene could be said to be delayed, this is

17  insufficient in and of itself to deny intervention.   "Although delay can strongly weigh against

18  intervention, the mere lapse of time, without more, is not necessarily a bar to intervention." *Alisal*

19  *Water Corp.*, 370 F.3d at 921, *citing Oregon*, 745 F.2d at 552.   Given the Court finds no delay in

20  bringing the Motion to Intervene, the Court also finds the third factor, the reason for and length of

21  delay, inapplicable.   That is, Mid-Century's request was prompt and, but for the Court's delay in

22  ruling on the Motion, the length of delay—eight days—was *de minimus*.

23          Finally, when "evaluating prejudice, courts are concerned when relief from long-standing

24  inequities is delayed." *Id*. at 922 (internal citation and quote marks omitted).   The Ninth Circuit also

25  recognizes prejudice when "a lot of water [has] passed under ... [the] litigation bridge." *Id*. (Brackets

26  in original, internal citation omitted.)   Here, Mid-Century filed its Motion to Intervene in this matter

27  at the outset of proceedings.   No long-standing outcome will be delayed by its intervention and little,

28  if any, water had passed under this matter's litigation bridge.   While Mid-Century will have the right

to litigate its position, Mid-Century's request came before discovery meaningfully commenced. Had the Court issued this recommendation sooner, there would be no question that Mid-Century's addition as an intervenor would have caused no delay and minimal prejudice at best.

C.    The Existing Parties to This Litigation do not Adequately Represent Mid-Century's Interests.

Unlike the circumstances in *American Home Assur. Co. v. Eighth Judicial Dist. Court*, 147 P.3d 1120 (Nev. 2006), on which Defendants so heavily rely, Plaintiff's interests and Mid-Century's interests are not sufficiently aligned to warrant a denial of the Motion. In *American Home Assur.*, the Nevada Supreme Court considered a case involving a worker's compensation insurer seeking to protect lien rights against the proceeds recovered by an injured worker in a negligence claim. The injured worker was employed by Guardsmark as a security guard at Titanium Metals Corporation's Nevada plant. The worker received worker's compensation benefits from Guardsmark's worker's compensation insurer. The worker subsequently filed a personal injury case against Titanium Metals Corporation. Two and one-half years after the worker filed his suit, American Home Assur. Co. sought to intervene requesting, *inter alia*, a lien against any judgment in favor of the worker. The court explained that in an injured worker case "the insurer's objective in obtaining from the tortfeasor an amount sufficient to fully reimburse its costs is completely subsumed within the injured worker's objective." *Id*. at 1129. However, that is not the case here.

Mid-Century does not have a lien nor does it seek a right, through subrogation, to recover amounts already paid to Plaintiff. Were this the present case, the Court might find Plaintiff's objective—the maximum recovery possible from the alleged tortfeasor—and Mid-Century's objective are fully aligned. Instead, Mid-Century seeks to protect or perhaps prevent payment under its UM/UIM policy to Plaintiff. While the amount Mid-Century may ultimately owe, if anything, to Plaintiff could be impacted by Plaintiff's claims against Defendants, Mid-Century's interests are not subsumed by that outcome.

In a practical sense, Mid-Century will be substantially affected by the determination of this case. *Arakaki*, 324 F.3d at 1086. Plaintiff will not make all the arguments Mid-Century will make. No party argues its primary interest is protection of Mid-Century's UM/UIM policy. No appearing

4

party contends they are capable and willing to present such arguments on behalf of Mid-Century. Neither Plaintiff nor Defendants are in a position to do so.  Indeed, Mid-Century will undoubtedly offer evidence and arguments unique to coverage issues the present parties would not necessarily be concerned with or, for that matter, think to offer.  All of these facts support intervention.  *Id*.  (Internal citation omitted.)

### III.    Recommendation

Accordingly, considering all factors pertaining to intervention established by the Ninth Circuit favoring Mid-Century's Motion, IT IS HEREBY RECOMMENDED that Mid-Century Insurance Company's Motion to Intervene (ECF No. 13) be GRANTED.

Dated this 13th day of June, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).